DIRECTOR OF REVENUE, Appellant,

v.

Russell B. MARTIN, Respondent.

No. WD 39793.

Missouri Court of Appeals,
Western District.

June 7, 1988.

William L. Webster, Atty. Gen., Cynthia B. Green, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Lowell C. Gard, Kansas City, for respondent.

Before SHANGLER, P.J.,
LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

This case involves a suspension of Martin's driving privileges for operating a vehicle while intoxicated (a blood alcohol level at .13 of 1%). Sections 302.500—.540 RSMo 1986. The trial court set aside the administrative suspension, the Director appeals.

The facts basic to the appeal are as follows: Martin ran into a parked car, whose owner followed him and summoned the police. Martin admitted to the responding officer he had been drinking mixed drinks and wine. The officer noted Martin had bloodshot and watery eyes, difficulty in walking, and had a "heavy odor of alcohol." Martin tested .16 at the station on a Smith and Wesson breathalyzer. The person conducting the test held an appropriate permit. At the trial the case turned on "ampoules" used in the machine to determine the level of alcohol intoxication. These ampoules contain small amounts of chemicals which, when mixed with alcohol from the breath, signify the level to the tester. The ampoules in question here were manufactured by National Draeger and tested by the Missouri Department of Health for accuracy so they could be used in the state.

The evidence showed the ampoules used in the machine had not been approved in accordance with the applicable regulation. 19 CSR 20–30.050(2). In particular these ampoules were not in the published rules as acceptable items to be approved for use. Sections 577.020 and 577.026, RSMo 1986 require performance of blood tests be done under certain techniques approved and published in the Missouri Register by the Department of Health. *State v. Peters,* 729 S.W.2d 243, 244 (Mo.App.1987). The evidence showed the Health Department did approve these ampoules on January 29, 1986, after having done extensive testing of the items. The arrest and test of Martin was on November 22, 1986.

The trial court held for Martin because by using test ampoules not formally approved as prescribed by regulation the Director had not proved the necessary blood-alcohol level as of the date of the arrest. It was uncontradicted that the brand of ampoules in issue had been thoroughly tested for accuracy by the Department pri-

or to use on November 22, 1986; in October 1, 1986 a proposed rule was filed to add these ampoules to the approved list.

Not in issue on appeal is any complaint as to the accuracy of the actual test or the results pertaining to the respondent Martin.

The parties agree the outcome of this case is governed by *Eckhoff v. Director of Revenue*, 745 S.W.2d 815 (Mo.App.1988), where the issue in this case was present: was the test of the driver's breath conducted in conformity with the Department of Health Regulations, and if not were the results inadmissible with a resultant failure of proof to sustain the suspension. *Id.* at 816. In *Eckhoff*, as here the test of the driver was done in November with Smith and Wesson equipment with the same National Draeger ampoules that were proposed in October and added to the approved list in December of 1986.

*Eckhoff* at page 817 noted the civil nature of these administrative actions and the "legislative purpose to remove dangerous drunk drivers from the roadways of Missouri", citing *Collins v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985). This court in *Eckhoff* found the ampoules had been tested ten months prior to the use in question, there was no question "about the reliability of the product" as evidenced by its inclusion in the approved list. 745 S.W.2d at 817. As here the driver, " ... advances no claim of prejudice as to the test and makes no argument that use of the Draeger product gave an inaccurate result." *Id.* In *Eckhoff*, the suspension was upheld even though the strict letter of the regulations was not followed and formal approval came after the product was put in use. The *Eckhoff* court held the substantive aspect of §§ 302.500–540, to remove drunk drivers, was implemented by the procedures such as testing. The testing process being procedural may be applied retrospectively. *Id.* at 817, and approval of these test items affected no substantive right of the driver, and in fact, as in the case at bar, no prejudice was put forth. *Id.* at 818. As such the retrospective application of the administrative rule

does not and should not defeat the civil action brought by the Director. *Accord State v. Kummer*, 741 S.W.2d 285 (Mo. App.1987).

The judgment is reversed and remanded with directions to reinstate the administrative suspension of the driver's license.