Sharon REED, Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.

No. 61336.

Missouri Court of Appeals, Eastern District, Division One.

July 21, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 1992.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent/appellant.

James C. Ochs, Schwartz & Ochs, St. Louis, for petitioner/respondent.

AHRENS, Judge.

Respondent, the Director of Revenue (Director), appeals from a judgment reversing its order sustaining the suspension of petitioner's driving privileges after an administrative hearing. We reverse.

On April 4, 1991, Officer Douglas Winholt of the Franklin County Sheriff's Department received a radio dispatch identifying a vehicle that a complainant suspected was being driven by an intoxicated driver. Winholt spotted a vehicle matching the description broadcast and began to follow it. After observing the vehicle sway onto the shoulder and twice cross the center line, Winholt initiated a traffic stop. Upon questioning, petitioner identified herself as the driver of the vehicle. Winholt noticed a faint odor of intoxicants about petitioner and observed that her walk was slightly swayed and her eyes bloodshot and watery. Petitioner told Winholt she had been drinking diet soft drinks, but then retracted the statement and stated she had been drinking beer.

Winholt gave petitioner four field sobriety tests, three of which she failed. Petitioner was arrested for failing to drive on the right half of the roadway and transported to the police station. Winholt informed petitioner of Missouri's implied consent law and administered a breath analysis test upon petitioner's consent thereto. The test revealed petitioner had a blood alcohol content of .15% by weight.

Director suspended petitioner's driving privileges pursuant to the administrative driving while intoxicated law, §§ 302.500 to 302.540 RSMo 1986. The suspension was sustained after an administrative hearing, and petitioner sought a trial de novo in circuit court. At trial, Winholt testified he was qualified as a "Type III" operator to administer breath analysis tests on the Smith & Wesson 900A Breathalyzer, a machine approved by the Missouri Department of Health, 19 C.S.R. 20–30.050(1), and the machine used in petitioner's case. In giving the test, Winholt completed the operational checklist required by 19 C.S.R. 20–30.060(1). Winholt testified that (1) the machine was functioning properly at the time of petitioner's test; (2) he followed the Department of Health's rules and regulations in administering the test; and (3) the

test indicated petitioner's blood alcohol content was .15%.

The checklist was offered into evidence, and counsel for petitioner responded, "I have no objection for the purpose it's admitted, Judge." The checklist was admitted into evidence and the court took judicial notice of the rules and regulations concerning the operation of the breathalyzer.

Upon cross-examination, Winholt testified that he was not qualified to maintain the breathalyzer and had not observed it being maintained within thirty days of petitioner's test. At the close of the evidence, petitioner moved that the petition for reinstatement be sustained because there was no evidence at trial proving the breathalyzer was functioning properly and no evidence of the maintenance records that were to be filed with the Department of Health.

After considering memoranda filed by the parties, the trial court ruled that Director had failed to establish a *prima facie* case by failing to prove the breathalyzer had been tested within thirty-five days of petitioner's test as required by 19 C.S.R. 20–30.031(3). The court ordered Director to reinstate petitioner's driving privileges and to pay the costs of the action.

■ In point one, Director contends the trial court erred in reinstating petitioner's driving privileges, because although the Director failed to prove compliance with the maintenance check requirement of the Department of Health regulations, petitioner failed to make a proper and timely objection to the admission of the breath test results into evidence.

■ We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Stuhr v. Director of Revenue*, 766 S.W.2d 446, 448 (Mo. banc 1989).

■ A proponent of breath analysis test results establishes a *prima facie* foundation for their admission into evidence by proof that (1) the test was performed by following techniques and methods approved by the Department of Health; (2)

the operator of the breath machine held a valid permit; and (3) the equipment and devices used in the test were approved by the Department of Health. *Id.* at 449. Department of Health rules require that breath analyzers undergo maintenance checks "at intervals not to exceed 35 days." 19 C.S.R. 20–30.031(3). Adherence to the maintenance check requirement is mandatory. *Woodall v. Director of Revenue*, 795 S.W.2d 419, 420 (Mo.App.1990).

■ A proponent of a breath test offering proof that a maintenance check has been performed on the machine within thirty-five days before the test in question has demonstrated compliance with the maintenance check requirement, since the proponent has produced evidence that the test was performed according to approved techniques and methods on a reliable machine. *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 340 (Mo. banc 1992). The requirement of proof of compliance with the regulation only becomes an issue, however, if a proper, timely objection is made to the admission of the blood alcohol analysis. *Id.* at 341. An objection to evidence must be sufficiently clear and definite so that a court will understand the reason therefor; an objection encompassing a broad range of situations that are not readily apparent does not preserve error. *State v. Bartholomew*, 829 S.W.2d 50, 53 (Mo.App.1992).

■ Here, counsel for petitioner made no objection to Officer Winholt's testimony concerning the test results. Further, counsel stated he had "no objection for the purpose it's admitted" when the Director offered into evidence the checklist Winholt used in performing the test. On appeal, petitioner concedes the statement "left open the issue of the basis of counsel's objection" but argues that the subsequent cross-examination and motion for reinstatement somehow cured the failure to properly object. We disagree.

It is incumbent upon the objecting party to make the basis of his or her objection reasonably apparent in order to provide the opponent an opportunity to correct the error and the court an opportunity to correct-

ly rule on the objection. *Id.,* at 53. Here, an objection that Director had failed to lay a proper foundation for admission of the test results absent proof of compliance with the maintenance check requirement would have left no misunderstanding or speculation about the deficiency of proof. *Id.,* at 53. Absent a proper objection on this ground, Director's failure to prove compliance with the requirement does not destroy the sufficiency of its case.[1] *See Sellenriek,* 826 S.W.2d at 341. Accordingly, we reverse the trial court's judgment on this point.

■■■ In point two, Director contends the trial court erred in assessing court costs against the state. Petitioner concedes this point. Absent a statute to the contrary, costs are not recoverable from the state in its own courts. *Bradley v. McNeill,* 709 S.W.2d 153, 156 (Mo.App. 1986). Section 536.087 RSMo (Supp.1991) does permit a prevailing party in an agency proceeding or civil action arising therefrom to recover "reasonable fees and expenses" incurred in the proceeding or action, unless the court or agency finds the state's position was substantially justified or that special circumstances make an award unjust.[2] However, § 536.085(1) RSMo (Supp.1991) specifically excludes "drivers license proceedings" from the provisions of § 536.087. Accordingly, the trial court erred in taxing costs against the state.

The judgment of the trial court is reversed, and the order suspending petitioner's driving privileges is reinstated. Costs of the circuit court proceeding are taxed against petitioner.

CRIST and REINHARD, JJ. concur.

---

1. Petitioner does not challenge the sufficiency of Director's case on any ground other than the failure to prove compliance with the maintenance requirement.

2. Court costs are included as "reasonable fees and expenses" within the meaning of the statute. *Rose City Oil Co. v. Missouri Comm'n on Human Rights,* 832 S.W.2d 314, 317–318 (Mo.App.1992).