**Carl Lee KOONS, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 51984.**

Missouri Court of Appeals, Western District.

Submitted Aug. 20, 1996.

Decided Oct. 15, 1996.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

John H. Edmiston, Warrensburg, for respondent.

Before HANNA, P.J., and SMART and EDWIN H. SMITH, JJ.

SMART, Judge.

The Director of Revenue ("Director") appeals a decision of the trial court which set aside the suspension of Carl Lee Koons' driving privileges. The Director argues that the trial court erred in setting aside the suspension because the evidence showed that there was probable cause to arrest Koons for driving while intoxicated and his blood alcohol content ("BAC") equaled or exceeded .10 per cent. The judgment of the trial court is reversed and the cause remanded.

At approximately 1:30 a.m. on September 10, 1994, Officer Karen Martin of the Warrensburg Police Department observed a vehicle driven by Koons while she was in the process of crossing from the eastbound lanes and entering the westbound lanes of Highway 50. Officer Martin saw two vehicles in the driving lane of the highway. Because she was driving relatively slowly, Officer Martin decided to stay in the passing lane of the highway in order to let the vehicles pass her. The first vehicle passed. The second vehicle, driven by Koons, did not, although she was driving only about 45 miles per hour. Officer Martin slowed down a little more to allow the vehicle to pass her. It did not. She testified that she continued watching the vehicle in her rearview mirror, and at one point she observed the vehicle veer toward her patrol car, almost striking it. She testified she then accelerated to get out of the vehicle's way, and the vehicle then returned to the driving lane and went past her.

Officer Martin stopped Koons' vehicle. She noticed that Koons' eyes were bloodshot and that there was an odor of alcohol upon his breath. There was a partial case of beer in the backseat of the vehicle. Officer Martin asked Koons to get out of the vehicle. She performed various field sobriety tests. Koons did not complete a counting test or an alphabet test correctly. He also had problems with the turn-and-walk test and the one-leg stand. Officer Martin formed the opinion that Koons was intoxicated and arrested him. A blood alcohol test given to Koons revealed a BAC of .116 per cent.

At the hearing on the suspension of Koons' license, the parties stipulated the facts and agreed that the only issue to be tried was the issue of whether there was probable cause for the arrest. At the conclusion of the evidence, the trial judge announced that he was finding in favor of the Director. A motion to reconsider was filed, and the trial court took the matter under advisement. On October 20, 1995, the trial court entered judgment for Koons:

THE COURT HAVING TAKEN THE MATTER UNDER ADVISEMENT AND HAVING FULLY RECONSIDERED THE COURTS SEPTEMBER 8, 1995

JUDGMENT ENTRY, DOES HEREBY SET ASIDE AND VACATE SAID JUDGMENT ENTRY. THE COURT FURTHER FINDS AFTER FULLY CONSIDERING THE EVIDENCE IN THIS CASE THAT THE ARRESTING OFFICER DID NOT HAVE PROBABLE CAUSE TO STOP THE PETITIONER IN HIS MOTOR VEHICLE ON THE NIGHT IN QUESTION. THIS COURT FINDS THE ISSUES IN FAVOR OF PETITIONER. THE RESPONDENT IS ORDERED TO REINSTATE PETITIONERS DRIVING PRIVILEGES.

■ The trial court's decision must be affirmed unless there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In order for a suspension to stand, the Director must establish (1) probable cause for the initial arrest and (2) the requisite blood alcohol concentration as set forth in § 302.505.1, RSMo 1994, "ten-hundredths of one percent or more by weight...." *See Stuhr v. Director of Revenue*, 766 S.W.2d 446, 448 (Mo. banc 1989). The statute requires probable cause to believe that the subject is violating the drunk driving laws. *Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987). The statute focuses on the grounds for the *DWI arrest*, and not on the grounds for the *stop*. "The Director does not have a burden of showing the lawfulness of or probable cause for a *stop* in order to revoke or suspend operating privileges...." *Gordon v. Director of Revenue*, 896 S.W.2d 737, 740 (Mo.App.1995) (emphasis added).

The record indicates that this is a case of statutory application. There is no claim here that the exclusionary rule derived from fourth amendment of the United States Constitution should be applied. No contention was made in the trial court that, under the test of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct.

1868, 20 L.Ed.2d 889 (1968), the evidence must be excluded because Officer Martin lacked reasonable suspicion of illegal activity based on articulable facts.[1] Rather, the contention was that there was no probable cause for the arrest. No brief has been filed in this appeal by Respondent. Therefore, we need not concern ourselves with whether the exclusionary rule derived from the fourth amendment has any application in this administrative proceeding.

■ In this case, the record is clear that there was probable cause for the arrest, regardless of whether there may have been probable cause for the investigative stop. Officer Martin, after stopping Koons, observed that Koons had bloodshot eyes, had an odor of alcohol about him and had an open case of beer in the backseat of the vehicle. He failed several field sobriety tests. The second requirement for suspension, that Koons' blood alcohol concentration was "ten-hundredths of one percent or more by weight ...", § 302.505.1, RSMo 1994, was also established. Also, there is no dispute that Koons' BAC was .116 per cent. The Director met her burden.

The judgment of the trial court is reversed. The cause is remanded to the circuit court for an entry of judgment reinstating the suspension of Koons' driving privileges.

All concur.

---

1. As to the issue of the applicability of the exclusionary rule in administrative proceedings, see *Green v. Director of Revenue*, 745 S.W.2d 818 (Mo.App.1988); *e.g.* *Lambert v. Director of Revenue*, 897 S.W.2d 204 (Mo.App.1995); *Gordon v.* *Director of Revenue*, 896 S.W.2d 737 (Mo.App. 1995); Annotation, *Admissibility, in Motor Vehicle License Suspension Proceedings, of Evidence Obtained by Unlawful Search and Seizure*, 25 A.L.R. 5th 108 (1994).