**Ralph Curtis DECLUE, Jr.,
Petitioner/Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Respondent.**

No. 70856.

Missouri Court of Appeals,
Eastern District,
Division One.

May 27, 1997.

Robert S. Adler, St. Louis, for petitioner/appellant.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Missouri Department of Revenue, Jefferson City, for respondent/respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

Petitioner appeals from the circuit court judgment sustaining the revocation of petitioner's driving privileges by the Director of Revenue (Director). We reverse.

Petitioner's driving privileges were suspended following the Director's determination that petitioner was arrested upon probable cause to believe he was driving a motor vehicle with a blood alcohol concentration (BAC) of .10% or more. *See* § 302.505.1, RSMo 1994. The circuit court sustained this suspension after a trial de novo.

At the trial de novo, the Director offered the police report and breathalyzer machine checklist into evidence. According to the police report, Office Mike Goodrich, a member of the Woodson Terrace Police Department, observed petitioner's vehicle repeatedly change lanes without signaling. Officer Goodrich stopped the vehicle and smelled alcohol on petitioner's breath. Petitioner performed two of five field sobriety tests unsatisfactorily and admitted that he had consumed five beers at the Casino St. Charles "a couple of hours earlier." Petitioner was arrested, and a breathalyzer test indicated that his BAC was .11.

On appeal, petitioner alleges various deficiencies in the breathalyzer testing procedure. Among his contentions is his claim that the breathalyzer test was improperly admitted because the Director did not prove that "an approved standard simulator solution was used to verify and calibrate" the breathalyzer machine as required by paragraph four of Mo.CODE REGS. tit. 19, § 20–30.050 (1996). Because this defect requires reversal, we will not address petitioner's other allegations of error.

To establish a foundation for the admission of breathalyzer test results, the Director must show that the test was performed (1) according to the techniques and methods approved by the Division of Health, (2) by persons possessing a valid permit, and (3) using equipment and devices approved by the Division. *Shine v. Director of Revenue,*

807 S.W.2d 160, 162 (Mo.App.1991). The procedural components of breath analysis tests include the testing techniques and methods, the qualification of the person giving the test, and the nature and description of the equipment and devices used. *Id.*

Paragraph four of Mo.CODE REGS. tit. 19, § 20–30.050 went into effect after the breathalyzer test was given to petitioner.[1] However, petitioner asserts that the rule is procedural and must be applied retrospectively to the results of his breathalyzer test.

 Generally, statutes and administrative rules operate prospectively because the Missouri Constitution forbids enactment of a retrospective law impairing a vested right. *Eckhoff v. Director of Revenue,* 745 S.W.2d 815, 817 (Mo.App.1988). However, procedural statutes and administrative rules apply retrospectively unless the enactment reveals a contrary intent. *Id.*

Substantive laws define the rights and duties giving rise to the cause of action by impairing vested rights acquired under existing law, creating new obligations, or imposing new duties. *Brennecka v. Director of Revenue,* 855 S.W.2d 509, 511 (Mo.App. W.D. 1993). In contrast, procedural regulations establish the method of enforcing rights and carrying on the suit. *Id.*

The Director argues that paragraph four of Mo.CODE REGS. tit. 19, § 20–30.050 is a substantive rule because it imposed a new duty on the test administrator by requiring the use of an approved, certified standard simulator solution to verify and calibrate the breath analyzer. We disagree. Mo.CODE REGS. tit. 19, § 20–30.050 relates only to the admissibility of the test results by establishing the procedure for performing the test. *See State v. Kummer,* 741 S.W.2d 285, 289 (Mo.App.1987). At the Director's request, § 20–30.050 has been applied retrospectively as a procedural rule in *Director of Revenue v. Martin,* 752 S.W.2d 453, 454 (Mo.App.

1988) and *Eckhoff,* 745 S.W.2d at 817. Because the regulation merely relates to the admissibility of the test results into evidence, we conclude that it is procedural and subject to retrospective application.

The Director argues that petitioner waived this issue by failing to properly object at the trial de novo. We have reviewed the record and conclude the matter has been preserved for appeal. Applying paragraph four retrospectively, we conclude that the record of the breathalyzer test was improperly admitted into evidence at the trial de novo. Therefore, the evidence was insufficient to sustain the revocation of petitioner's driving privileges. Accordingly, we reverse the judgment of the circuit court and order petitioner's driving privileges to be reinstated.[2]

Reversed.

---

1. Paragraph four was contained in an emergency amendment filed March 15, 1996, which became effective March 25, 1996. The permanent amendment containing paragraph four was filed March 16, 1996, and became effective August 30, 1996. Petitioner's breathalyzer test was administered on August 11, 1995.

2. To avoid the problem of retrospective application, future amendments to Mo.CODE REGS. tit. 19, § 20–30.050 (now § 25–30.050) could declare an intent for prospective application only.