**Jeffrey D. VAN WAGNER, Appellant,**

v.

**MISSOURI DIRECTOR OF REVENUE, Respondent.**

No. WD 53701.

Missouri Court of Appeals, Western District.

Oct. 28, 1997.

Jeffrey S. Eastman, Gladstone, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Respondent.

Before EDWIN H. SMITH, P.J., ULRICH, C.J., and ELLIS, J.

EDWIN H. SMITH, Presiding Judge.

Jeffrey D. Van Wagner appeals the circuit court's judgment upholding the Director of Revenue's suspension of his driving privileges, pursuant to § 302.505.1 [1], following his arrest for driving while intoxicated. Appellant claims in two points that the circuit court erred in admitting into evidence the result of a chemical analysis of his breath in that the Director, as required by Mo.Code Regs. Ann. tit. 19 § 20–30.050(4) [2], failed to: (1) establish that an approved standard simulator solution was used to verify and calibrate the breath analyzer used; and, (2) establish that the standard simulator solution used to calibrate the breath analyzer used had been certified by the manufacturer of the solution. Because our resolution of appellant's second point is dispositive of his appeal, we address it alone.

We reverse and remand.

### Facts

Appellant, Jeffrey D. Van Wagner, was arrested for driving while intoxicated on the morning of July 26, 1995, in Kansas City, Jackson County, Missouri. The arresting officer requested and the appellant did submit to a chemical analysis of his breath for the purpose of determining its alcohol concentration. Analysis of the appellant's breath revealed a blood alcohol content (BAC) of .101% by weight.

The Director notified the appellant that his Missouri driving privileges were suspended pursuant to the provisions of § 302.500, *et seq.*, for operating a motor vehicle while having an alcohol concentration of .10% by weight. An administrative hearing regarding the proposed suspension was conducted, with the suspension of appellant's driving privileges being upheld. Appellant filed an application for a trial *de novo* in the Circuit Court of Jackson County.

On September 26, 1996, the Honorable Anthony J. Romano conducted a review of the suspension. The Director offered as evidence a certified copy of the appellant's "file" pursuant to the provisions of § 302.311. Appellant objected to such offer as the certified record of appellant's BAC report did not include evidence that an approved standard simulator solution had been used to verify and calibrate the breath analyzer used as

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. Effective February 28, 1997, the provisions of Mo.Code Regs. Ann. tit. 19 § 20–30.050 were moved *en masse* to Mo.Code Regs. Ann. tit. 19 § 25–30.

required by the code. Further, appellant objected to such offer as there was no certification from the manufacturer of the simulator solution accompanying the maintenance report as required by the code. The circuit court upheld appellant's suspension.

This appeal follows.

### Standard of Review

Our review of a trial court's decision upholding the administrative hearing officer's decision to suspend appellant's driving privileges is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *Koons v. Director of Revenue,* 931 S.W.2d 210, 212 (Mo. App.1996). We must affirm the judgment of the trial court unless there is no substantial evidence to support the ruling; it is against the weight of the evidence; or it erroneously declares or applies the law. *Id.*

### I.

In his Point II, appellant alleges that the trial court erred in admitting into evidence his BAC in that the Director failed to lay a proper foundation for its admission. We agree.

Appellant's driving privileges were suspended pursuant § 302.505.1, which states in pertinent part that:

[t]he department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood. . . .

Here, the Director attempted to satisfy § 302.505.1 by introducing the results of appellant's breathalyzer test. To establish a proper foundation for admission of a breathalyzer test result, "the Director must show that the test was performed: (1) according to the techniques and methods approved by the Division of Health, (2) by persons possessing a valid permit, and (3) using equipment and devices approved by the Division." *Declue v. Director of Revenue,* 945 S.W.2d 684, 685 (Mo.App.1997) (citing *Shine v. Director of Revenue,* 807 S.W.2d 160, 162 (Mo.App.

1991)). As to the third requirement, Mo. CODE REGS. ANN. tit. 19 § 20–30.050(4), in pertinent part, states that:

[a]pproved standard simulator solutions used to verify and calibrate breath analyzers shall be certified by the manufacturer of that solution, and evidence of such certification shall accompany the maintenance report.

Appellant contends that the Director failed to lay a proper foundation for admission of his BAC in that there was no certification by the manufacturer accompanying the maintenance report stating that the standard simulator solution used to calibrate the breath analyzer had been certified by the manufacturer of the solution as required by Mo.CODE REGS. ANN. tit. 19 § 20–30.050(4). The Director argues that the code was amended on March 25, 1996, and that the provision requiring certification of the simulator solution by the manufacturer was not required by the code that was in effect at the time appellant's breathalyzer test was given on July 26, 1995, and therefore, cannot be applied retroactively. Thus, the issue for us to decide is whether the amended provision of the code is to be applied retrospectively to appellant's breathalyzer result and render it inadmissible at the *de novo* review of his license suspension.

■ The general principle of statutory construction is that statutes and administrative rules operate prospectively only because the Missouri Constitution forbids the enactment of retrospective laws impairing a vested right. *Eckhoff v. Director of Revenue,* 745 S.W.2d 815, 817 (Mo.App.1988); *Declue,* 945 S.W.2d at 686; Mo. CONST. art. I, § 13. However, the general principle is not applicable to procedural statutes and administrative rules, unless the enactment reveals a contrary intent. *State v. Kummer,* 741 S.W.2d 285, 289 (Mo.App.1987); *Declue,* 945 S.W.2d at 686 (citations omitted). Where the law or rule deals only with procedure, "it applies to all actions whether commenced before or after the enactment of the provision." *Kummer,* 741 S.W.2d at 289. The Eastern District Court of Appeals addressed the precise issue that confronts us here in *Declue,* 945 S.W.2d at 686. In *Declue,* the Eastern District held that Mo.CODE REGS. ANN. tit. 19

§ 20–30.050(4) "relates only to the admissibility of the test results by establishing the procedure for performing the test[;]" and because it relates only to the admissibility of the test result, it is procedural and subject to retrospective application. *Declue*, 945 S.W.2d at 686. We agree.

■ Applying Mo.CODE REGS. ANN. tit. 19 § 20–30.050(4) retrospectively here, we conclude that the Director failed to lay a proper foundation to have appellant's BAC admitted into evidence, and that it should have been excluded. If appellant's BAC had been properly excluded, the Director would have failed in her burden of persuasion. Thus, we hold the trial court erred in not setting aside the suspension of appellant's driving privileges.

### Conclusion

We reverse the judgment of the circuit court upholding the suspension of appellant's driving privileges and remand the cause to it to enter its order setting aside appellant's suspension.

All concur.