**Knial R. SOUTEE, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.**

No. 21887.

Missouri Court of Appeals, Southern District, Division One.

Oct. 19, 1998.

assessment of costs against it. On this issue, see *Clevenger v. Director of Revenue*, 861 S.W.2d 193, 194 (Mo.App.1993).

Jeremiah W. (Jay) Nixon, Atty. Gen., Mark D. Schoon, Asst. Atty. Gen., Jefferson City, for appellant.

Bert V. Twibell, Jason Johnson, Twibell, Johnson & Johnson, Springfield, for respondent.

GARRISON, Presiding Judge.

The Director of Revenue ("Director") suspended Knial R. Soutee's driver's license after he was arrested for driving while intoxicated. The suspension was upheld following an administrative hearing, and Mr. Soutee petitioned for a trial *de novo* pursuant to § 302.535.[1] The trial court ordered Director to reinstate Mr. Soutee's driver's license, a decision Director now appeals. We reverse.

On August 18, 1996, Trooper Michael Bernier of the Missouri Highway Patrol stopped the vehicle Mr. Soutee was driving after observing it weaving on the road. Trooper Bernier noticed that Mr. Soutee had trouble grasping items in his billfold, had bloodshot eyes, and smelled of alcohol. Mr. Soutee agreed to take field sobriety tests, but failed each segment administered. He was placed under arrest and taken to the Christian County jail where he consented to a breathalyzer test. The results of the test indicated a blood alcohol content of .17%. Mr. Soutee told Trooper Bernier that he had seven vodka and tonic drinks over the course of that evening.

At the trial *de novo*, Trooper Bernier, after explaining the procedures that he followed prior to and during the administration of the breathalyzer test, was asked what the test results were, at which time the following occurred:

[Mr. Soutee's Attorney]: Your Honor, [i]f I might. At this time, I would like to just reserve my right to ask that this testimony be stricken upon the conclusion of all their evidence.

The Court: Very well.

At the conclusion of Trooper Bernier's testimony, and after the attorney for Director

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

announced that he was resting his case, the following occurred:

[Mr. Soutee's Attorney]: At this time, Your Honor, I would ask that the results of the breathalyzer be stricken. I know this Court is well aware that if there's— if there isn't any proof as to the approved solution used for maintenance testing, the results are inadmissible. And based on that, I would move that that testimony as to what the results were be stricken.

The trial court agreed, sustained the motion, and subsequently entered an order instructing Director to reinstate Mr. Soutee's driver's license.

On this appeal, Director contends that the motion to strike the evidence was untimely and did not provide an adequate notice of the basis for the objection. Alternatively, Director contends that the foundational requirements for admitting the breathalyzer results were met.[2] We hold that Director is correct with reference to the former argument, and accordingly, we need not consider the latter.

The version of MO.CODE REGS. tit. 19, § 20–30.050(4), in effect when the breath test results were admitted at the trial de novo[3] required proof that an approved standard simulator solution was used to verify and calibrate the breathalyzer machine.[4] See Declue v. Director of Revenue, 945 S.W.2d 684, 685 (Mo.App. E.D.1997). The Declue court held that paragraph four of the regulation relates to the admissibility of the test results. Id. at 686.

When a timely objection is made to the admission of breathalyzer test results, the proponent must establish, among other things, that a maintenance check has been performed on the breathalyzer machine within 35 days before the test, and that the test was performed by following approved techniques and methods of the Division of Health. Tidwell v. Director of Revenue, 931 S.W.2d 488, 490 (Mo.App. S.D.1996). In the instant case, Mr. Soutee argues that Director failed to satisfy the requirements of paragraph four of MO.CODE REGS. tit. 19, § 20–30.050. It is this alleged lack of proof that Mr. Soutee relied on in support of his motion to strike the test results.

Although Director disagrees with Mr. Soutee's premise that there was a lack of such proof, she argues that the issue was not preserved by a sufficient and timely objection. We agree. When the test results were offered, Mr. Soutee's attorney did not express a basis for an objection. It is incumbent on an objecting party to make the basis of his or her objection reasonably apparent in order to provide the opponent an opportunity to correct the error and the court an opportunity to correctly rule the objection. Reed v. Director of Revenue, 834 S.W.2d 834, 836–37 (Mo.App. E.D.1992). Here, Mr. Soutee's attorney merely attempted to reserve the right to express an objection to the test results at a later time.

Additionally, the general rule requires that an objection be timely made, and usually this necessitates that it be made at

**2.** Trooper Bernier testified at the trial de novo that, as the holder of a "Type II permit" from the Missouri Department of Health, he had, on July 29, 1996, performed a maintenance check on the breathalyzer machine used to test Mr. Soutee. In doing so, he identified the "Maintenance Report" that he prepared in conjunction with the check. The report, which indicated that the machine was functioning properly when tested, included the following handwritten words: "Repco Marketing, Inc. Lot # 95008 Bot # 1088 Exp. Date 1/31/97." Another exhibit introduced at the trial de novo was a "Certificate Of Analysis" prepared by the President of RepCo Marketing, Inc., reflecting that "[r]andom samples of Lot Number 95008 of Alcohol Certified Solution for simulator" had been analyzed, found to be free of any interfering substances, and would give an alcohol breath test an instrument reading of .10% BAC when used in a calibrated simulator.

The certificate also contained the statement that the expiration date for Lot Number 95008 was January 31, 1997. It did not, however, indicate whether RepCo was the manufacturer of the solution. Further, Trooper Bernier did not testify as to whether he used an approved solution in performing the maintenance check.

**3.** This is the appropriate time to use in determining the admissibility of the test results. See State v. Kummer, 741 S.W.2d 285, 289 (Mo.App. E.D. 1987).

**4.** Paragraph four of the regulation provided: "(4) Approved standard simulator solutions used to verify and calibrate breath analyzers shall be certified by the manufacturer of that solution, and evidence of such certification shall accompany the maintenance report."

the earliest opportunity after the objectionable character of the evidence becomes apparent so that the trial judge may have an opportunity to correct, or set right, that which is later to be claimed to be wrong. *State v. Simmons*, 500 S.W.2d 325, 328 (Mo. App.St.L.1973). If the objectionable character of the evidence is apparent when it is offered or introduced, the objection should be made then. *Id.*

In the instant case, Mr. Soutee argues that the test results should not have been admitted because of the lack of proof of the use of an approved standard simulator solution to verify and calibrate the machine. Any lack of such proof, if true, however, would necessarily have been apparent to Mr. Soutee's attorney when the test results were offered into evidence, and thus any objections should have been made at that time.

In *State v. Cannady*, 660 S.W.2d 33 (Mo. App. E.D.1983), there was an issue about whether the trial court erred in admitting evidence that certain pills contained a controlled substance. The defendant contended that the State failed to prove that an instrument used to test the pills was reliable and properly functioning when the tests were conducted. When the criminalist who tested the pills with the instrument testified that they contained a certain controlled substance, the defendant's attorney said to the trial court, "Judge, may my objection be noted subject to cross?" The trial court said, "Sure." When the criminalist was again asked what the test results were, the defendant's attorney said, "Same objection continues, Your Honor, subject to cross, rather than seeking voir dire at this time." Later, at the conclusion of defense counsel's cross-examination, the trial court denied the defendant's motion to strike the witness's testimony identifying the contents of the pills. The appellate court affirmed this decision, holding that the defense counsel's statements did not call the trial court's attention to the ground or reason for the objection. *Id.* at 36. The court also said that an objection for "lack of foundation, subject to my cross" was not sufficiently specific to alert the trial court to the grounds for the objection. *Id.* Even though the motion to strike the testimony that was made after the cross-examination was more specific, the court said that "a specific objection to evidence made after the evidence has been introduced comes too late." *Id.* at 37. "An adequate specific objection must be made at the earliest possible opportunity in the progress of the trial." *Id.*

In the instant case, Mr. Soutee's attorney gave no reason for an objection when asking the court to reserve his right to ask that the testimony of the breathalyzer results be stricken. This was insufficient to preserve an objection to the testimony. The attempt to preserve the right to object, being of no avail, was the equivalent of no objection.

■ Proof of the necessary foundation for admission of a breathalyzer test is unnecessary where the test result is admitted without objection. *Tidwell*, 931 S.W.2d at 491. In *Reed*, the results of a breathalyzer test were admitted without objection. 834 S.W.2d 834. At the close of the evidence, the petitioner moved that his driver's license be reinstated because of the Director's failure to provide evidence that the breathalyzer machine had been tested within 35 days of the test administered to the petitioner. The trial court agreed. On appeal, the Director argued that the petitioner had failed to make a proper and timely objection when the breath test results were offered in evidence. The appellate court held that although the Department of Health rules require maintenance checks of the machines at intervals not to exceed 35 days, "[t]he requirement of proof of compliance with the regulation only becomes an issue, however, if a proper, timely objection is made to the admission of the blood alcohol analysis." *Id.* at 836. Such an objection must be sufficiently clear and definite so that a court will understand the reason therefor. *Id.*

Here, the trial court erred in sustaining Mr. Soutee's motion to strike the evidence of the breathalyzer test results and in ordering the reinstatement of his driver's license. The judgment of the trial court is reversed, and the order suspending Mr. Soutee's driving privileges is reinstated.

PREWITT and CROW, JJ., concur.