Lazaros MAYRIDIS, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 84494.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 11, 2005.

P.2004, unless otherwise indicated.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Jefferson City, MO, for appellant.

Mary L. Bruntrager, Charles H. Billings, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

The Director of Revenue ("Director") appeals the judgment setting aside the suspension of the driving privileges of Lazaros Mayridis ("Driver"). In the sole point on appeal, the Director argues that the trial court erred in setting aside the suspension of Driver's driving privileges because the record was sufficient for the Director to establish a prima facie case under section 302.505.[1] We reverse and remand.

In July 2003, Driver was involved in a single car accident where he was ejected from his vehicle when it swerved off of the interstate. Driver was arrested for driving while intoxicated, and he agreed to submit to a chemical test of his blood at a local hospital. Driver was issued a fifteen-day driving permit and eventually released.

The Department of Revenue issued a notice to Driver that his driving privileges were suspended pursuant to section 302.505. Driver then petitioned the circuit court for a trial de novo of the suspension of his license under section 302.535. The case was heard before a traffic commissioner of the circuit court. Director submitted the case on the record. The record included the arresting officer's investigative reports of the accident, the Missouri Alcohol Influence Report, and the Blood Alcohol Analyst Report from the crime laboratory. The record showed that Driver had a blood alcohol content of 0.25 percent, which is over three times the legal limit of 0.08 percent.

Driver claimed that Director did not make a prima facie case for the suspension of his driving privileges in that Director failed to show that the blood collection and test methods were performed within the requirements of section 577.029 and 19 C.S.R. section 25–30.070.[2] Driver did not present any evidence in his defense but made numerous objections to the elements of the record that Director offered in attempting to establish the prima facie case for revocation. Driver generally objected to the foundation for the blood test results offered by the Director. He specifically objected to the evidence in the record arguing that it failed to meet various foundational requirements of section 577.029 and the corresponding department of health regulations.

The trial court found that the arresting officer had probable cause to arrest Driver but found that there was insufficient credible and competent evidence that Driver's blood alcohol concentration was 0.08 percent or more by weight. Specifically, the court held that the record before it did not meet the foundational requirements contained in the Code of State Regulations that are essential before blood alcohol test results can be admitted into evidence in that no evidence was presented to the court that a sufficient volume of blood was collected to provide for duplicate testing as required by 19 C.S.R. section 25–30.070. Thus, the circuit court reinstated Driver's driving privileges and removed the administrative suspension of his license from his driving record.

■ Section 302.535.1 provides that a person aggrieved by a decision of the Department of Revenue may seek a trial de novo by the circuit court. At a trial de novo, the Director has the burden of proving a prima facie case for the suspension of a driver's license by a preponderance of

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. All references to 19 C.S.R. section 25–30.070 in the Code of State Regulations are to the regulation that became effective October 30, 2001.

the evidence. *Neeley v. Director of Revenue*, 104 S.W.3d 797, 801 (Mo.App.2003). Section 302.535 creates a two-part burden on the State that is satisfied by a showing that (1) the authorities had probable cause to arrest the driver, and (2) the driver had been driving at a time when his or her blood alcohol concentration ("BAC") was eight-hundredths of one percent (0.08%) or more by weight. Section 302.505 (RSMo Supp 2003).[3]

The burden of proof is on the Director to establish grounds for the revocation or suspension of driving privileges by a preponderance of the evidence. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 545 (Mo. banc 2003). The Missouri Supreme Court has stated that the Director meets this burden by introducing the administrative record, and then it is the driver that has the burden to show the records are untrue or legally insufficient to support the suspension. *See Kinzenbaw v. Director of Revenue*, 62 S.W.3d 49, 51 (Mo. banc 2001). When the director makes a prima facie case, a presumption that the driver was intoxicated is created, and the driver is entitled to rebut the case with evidence that his blood alcohol content did not exceed the legal limit at the time of the arrest. *Clark v. Director of Revenue*, 132 S.W.3d 272, 275 (Mo.App.2004).

In order to have a driver's blood alcohol test results admitted into evidence as proof that the driver's BAC was over the legal limit at the time of arrest, the Director must show that the blood test was administered in accordance with the foundational prerequisites of section 577.029 and the applicable department of health regulations found in 19 C.S.R. section 25–30.070. *Neeley*, 104 S.W.3d at 801. It has been held that there should be absolute and literal compliance with the technical requirements of section 577.029. *See id.* The trial court, in its judgment, stated that the record contained insufficient competent, credible evidence of the foundational requirements of the applicable regulations, noting that the Director did not present any evidence that a sufficient amount of blood was collected for duplicative testing as mandated by 19 C.S.R. section 25–30.070(3).

Although Driver made several foundational objections based on various requirements of 19 C.S.R. section 25–30.070, he did not specifically object to the admission of the blood test results on the basis that an insufficient volume of blood was. collected. The requirement of proof of compliance with the regulation only becomes an issue if a proper, timely objection is made to the admission of the blood alcohol analysis, and the objection must be sufficiently clear and definite so that a court will understand the reason and may properly rule on the objection and so that the opponent will have an opportunity to correct the error. *Krieger v. Director of Revenue*, 14 S.W.3d 697, 701–02 (Mo.App. 2000) (noting that an objection must be made at the earliest opportunity after the objectionable character of the evidence becomes apparent) (citing *Reed v. Director of Revenue*, 834 S.W.2d 834, 836 (Mo.App. 1992)). In addition, a broad objection encompassing a range of situations does not preserve the error. *Id.*

In *Reed, supra,* this Court held that the driver's failure to specify the grounds of his objection was not a proper and timely objection to the admission of breath test results into evidence. 834 S.W.2d at 836. The court noted that absent a specific ob-

---

**3.** Effective on September 29, 2001, the legal limit for blood alcohol concentration by weight was lowered from 0.10% to 0.08%.

jection as to the only grounds upon which the driver was challenging the evidence, the failure by the Director to prove compliance with the regulatory requirements does not destroy the sufficiency of its case. *Id.* Also, in *Clark, supra,* the court of appeals held that since the driver objected to the chain of custody of the sample but did not object to the blood test results on the grounds that the sample was taken or the tests performed incorrectly, Driver waived any argument that the test was not performed according to the approved techniques of the health department. 132 S.W.3d at 277.

■ Here, Driver made several specific objections to the admission of the blood alcohol collection process and analysis but he never objected to the evidence on the basis that an insufficient volume of blood was collected. Any objection to the blood test results made by Driver was not sufficiently clear and definite in this regard; instead, the objections were broad or specific as to other foundational grounds. Assuming, *arguendo,* that proof that a sufficient volume of blood to permit retesting was drawn is a foundational requirement, absent a proper objection, any alleged deficiency in Director's compliance with the alleged foundational requirement does not destroy the sufficiency of the case. See *Krieger,* 14 S.W.3d at 702. Accordingly, the argument that the Director failed to meet the alleged foundational requirement as to proof of the volume of blood drawn was not preserved for review.

While Driver is correct in stating that the issue of whether he specifically objected to the lack of proof of the volume of blood drawn is not dispositive if the trial court's judgment can be supported on any other theory, we have reviewed the other theories advanced by Driver and find them without merit. An extended discussion of the objections specifically denied by the trial court or not ruled upon as a basis for upholding the judgment would serve no jurisprudential purpose. We deny these alternative arguments pursuant to Rule 84.16(b).

■ The certified records of the Department of Revenue, properly submitted, may prove the Director's prima facie case on their own when not contradicted. *See Clark,* 132 S.W.3d at 276–77. We find that the Director met the burden of proving the prima facie case and establishing that Driver's BAC exceeded the legal limit based on the record submitted. The court erred in denying admission of the test result into evidence. Thus, the uncontradicted evidence presented established that Driver's BAC was 0.25 percent. Director carried her burden of proving a prima facie case for the revocation and Driver offered nothing in rebuttal. *See Krieger,* 14 S.W.3d at 702–03; *Tidwell v. Director of Revenue,* 931 S.W.2d 488, 492 (Mo.App. 1996). Consequently, there was no evidence to support the trial court's judgment and it was against the weight of the evidence.

The judgment of the trial court is reversed and remanded with directions to reinstate the suspension of Driver's driving privileges.

LAWRENCE E. MOONEY, P.J., Concurs.

MARY K. HOFF, J. Concurs.