**Manning Scott FRONABARGER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 15, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Ronald J. Brockmeyer, St. Charles, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

Appellant, the Director of Revenue for the State of Missouri ("Director"), appeals from the judgment of the Circuit Court of St. Charles County setting aside the suspension of the driving privileges of respondent, Manning Scott Fronabarger ("driver"). We affirm.

On October 18, 1995, driver was arrested by a St. Peters police officer for suspicion of driving while intoxicated. A breathalyzer test was performed on driver within one hour of his arrest. The test revealed driver's blood alcohol concentration ("BAC") to be .27 percent. Driver's driving privileges were suspended after Director determined driver was arrested upon probable cause to believe

he was driving with a BAC of .10 percent or more. *See* RSMo section 302.505.1.[1]

At the July 30, 1996, trial *de novo*, driver stipulated that the arresting officer had probable cause to arrest driver on the belief driver was driving while intoxicated, had a valid Department of Health permit to operate a breathalyzer machine, and administered the test pursuant to the regulations in effect at the time. Driver further stipulated the officer followed a checklist, and the machine appeared to be operating properly.

Officer Kevin Turnbough, with the St. Peters Police Department, testified he performed a maintenance check on the breathalyzer machine in question on October 9, 1995, using a .10 percent alcohol solution that had been certified. Officer Turnbough was not sure whether the manufacturer or an independent lab certified the solution. The certificate for the solution was not produced. Officer Turnbough further testified that on October 9, 1995, there was no Department of Health regulation requiring the solution be certified by the manufacturer.

Bill Whitmore, Director of the Division of Breath and Alcohol at the Department of Health, testified 19 C.S.R. section 25–30.050, which went in effect on March 25, 1996, requires "... when we buy a solution from a manufacturer, that we obtain a Certificate of Analysis which shows the chemical make-up and ethanol content of that solution."[2]

The trial court sustained driver's motion to set aside the suspension of his driving privileges. This appeal followed.

On appeal, Director alleges the trial court erred in setting aside driver's suspension because, in doing so, it concluded 19 C.S.R. section 25–30.050 applied retroactively to invalidate a maintenance check performed in conformance with the regulation in effect at the time the check was done.

We recently addressed this same issue in *Ralph Curtis Declue, Jr. v. Director of Revenue, State of Missouri*, 945 S.W.2d 684, 686 (Mo.App. E.D.1997), where we held the regulation in question was procedural because it related only to the admissibility of test results by setting out the procedure for performing the test. Procedural regulations are subject to retrospective application. *Eckhoff v. Director of Revenue*, 745 S.W.2d 815, 817 (Mo.App. W.D.1988). Applying the regulation retrospectively, we conclude the breath test results were not admissible because there was no evidence the solution used to calibrate the breathalyzer had been certified by the manufacturer. Without this evidence, the record was insufficient to sustain the revocation of driver's driving privileges. Accordingly, we affirm the judgment of the trial court setting aside the suspension of driver's driving privileges.

---

1. All statutory references are to RSMo 1994.

2. 19 C.S.R. section 25–30.050(4), formerly numbered 19 C.S.R. section 20–30.050, and renumbered as of January 1, 1995, states: "Approved standard simulator solutions used to verify and calibrate breath analyzers shall be certified by the manufacturer of that solution, *and* evidence of such certification shall accompany the maintenance report." (Emphasis added).