Rochelle G. SALAMONE,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE,
Respondent/Appellant.

No. 73513.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 18, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Assistant Attorney General, Jefferson City, for appellant.

Leland C. Smith II, St. Charles, for respondent.

KATHIANNE KNAUP CRANE, Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial de novo. We reverse and remand for the reason that the trial court erroneously excluded Director's exhibits for failure to contain a certificate of analysis.

Director suspended petitioner's license pursuant to Section 302.505.1 RSMo (Cum. Supp.1996). After an administrative hearing, the hearing officer sustained the suspension. Petitioner then filed a petition for trial de novo pursuant to Section 302.535.1 RSMo (Cum.Supp.1996).

At the trial de novo, Director submitted the case on certified Missouri Highway Patrol and Department of Revenue business records. The highway patrol records, Exhibit A, included a maintenance report for Datamaster breath analyzer number 940227, breath analyzer evidence tickets, and the permit of the individual authorized to maintain and operate the breath analyzer. The Department of Revenue business records, Exhibit B, included petitioner's Missouri Driver Record, request for administrative hearing and response, the citation issued to petitioner, petitioner's alcohol influence report, Datamaster maintenance report for breath analyzer number 940227, petitioner's notice of suspension/revocation of driving privilege, a highway patrolman's narrative of what occurred on January 9, 1996, and petitioner's breath analyzer test results.

Petitioner objected to the admission of these records on grounds that (1) the records failed to contain the certificate of analysis for the simulator solution and (2) the opinion of the officer regarding intoxication was not cured by the business record statute and was hearsay. Petitioner presented no evidence in her defense. The trial court refused to admit Exhibits A and B "only on the ground of the failure to have the Certificate of Analysis" and reinstated petitioner's driving privileges.

■ On appeal Director contends that the trial court erred in setting aside petitioner's revocation because petitioner was arrested upon probable cause that she was driving in violation of an alcohol-related offense and at the time of her arrest her blood alcohol was .10 percent or greater, which would have been established had Exhibits A and B not been erroneously excluded for failure to contain a certificate of analysis. Director contends a certificate of analysis was not required because the maintenance report was completed prior to March 26, 1996. We agree.

■ In order to establish a prima facie foundation to admit evidence of a breath analyzer test, Director had to demonstrate that the testing methods set out in Section 577.020 RSMo (Cum.Supp.1996) were fol-

lowed in that the test was performed (1) according to techniques and methods approved by the Department of Health, (2) by persons possessing a valid permit, and (3) using equipment and devices approved by the Department. *Tate v. Director of Revenue*, 982 S.W.2d 724, 726 (Mo.App. 1998).

At the time of petitioner's trial, 19 CSR 25–30.051(4) provided in relevant part:

Maintenance reports completed on or after March 26, 1996, and prior to the effective date of this rule [September 1, 1997] shall be considered valid under this rule if a certificate of analysis was supplied with the simulator solution. Maintenance reports completed prior to March 26, 1996, shall be considered valid under this rule if done in compliance with the rules in effect at the time the maintenance report was conducted.

The maintenance report in this case was completed on December 27, 1995. Since the maintenance report was completed before March 26, 1996, the rules in effect in December, 1995 govern. That regulation, 19 CSR 20–30.050, did not require evidence of certification to accompany the maintenance report from the manufacturer. In contrast, the regulation in effect at the time of the trial in *Fronabarger v. Director of Revenue*, 950 S.W.2d 258 (Mo. App.1997), which the trial court cited, required maintenance reports to include a certificate of analysis.

Because a certificate of analysis was not required, the maintenance report was admissible as a business record. The trial court erred in excluding Exhibits A and B for failure to include a certificate of analysis.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

PAUL J. SIMON, P.J. and
LAWRENCE E. MOONEY, J., concur.