Steven M. HARPER, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 74813.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 8, 1999.

 

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Steven M. Harper, Fredericktown, pro se.

JAMES R. DOWD, Presiding Judge.

The Director of Revenue (Director) appeals from the trial court's judgment reinstating the driving privileges of Steven M. Harper (Driver) after Director suspended them following Driver's arrest for driving while intoxicated pursuant to section 302.505, RSMo Cum.Supp.1998. At an administrative hearing, the suspension was upheld. Driver then filed a petition for a trial de novo with the circuit court as allowed by section 302.535, RSMo Cum. Supp.1998. The circuit court reinstated Driver's driving privileges and Director appeals. We reverse and remand.

At the trial de novo on June 16, 1998, Director offered two exhibits and the testimony of Trooper Matthew Renshaw. Exhibit A contained a copy of the Datamaster Maintenance Report and evidence tickets for the breathalyzer used to test Driver. Trooper Renshaw identified the maintenance report as one he prepared on May 1, 1996. He testified that on that date, he had a Type II permit to conduct maintenance tests and he used a solution from RepCo to calibrate the machine. He further testified that the breathalyzer was operating within Department of Health specifications. When Director offered Exhibit A, Driver objected to it on the basis that the maintenance report failed to have a certificate of analysis from RepCo attached to it. The trial court took the objection to the exhibit with the case.

Director then offered Exhibit B, a copy of the Department of Revenue's business records. These records were certified by affidavit from the department's custodian of records pursuant to section 490.692, RSMo 1994. Exhibit B included a copy of the Alcohol Influence Report prepared by the arresting officer and Driver's breathalyzer test results of .12 percent. Driver objected to Exhibit B on the basis that the admission of the records violated his right to confront witnesses and cross-examine them. The court reserved ruling on the objection and took it with the case.

On July 2, 1998, the trial court entered a judgment finding the Director's action in suspending Driver's driving privileges null and void and ordered Director to immediately reinstate Driver's driving privileges. Director appeals.

On appeal, Director contends the trial court erred in setting aside Driver's suspension because its decision is against the weight of the evidence. Driver does not file a brief responding to the Director's point and we are without the benefit of Driver's arguments, if any.

■ The court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ At the trial de novo, the Director had the burden of showing by a preponderance of the evidence that: (1) the arresting officer had probable cause to arrest Driver for driving while intoxicated; and (2) that Driver's BAC was at least .10 percent at the time of his arrest. *Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App. E.D.1997). When the Director makes a prima facie case, the burden then shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App. E.D.1998). To establish a foundation for admission of the breathalyzer test results, Director must demonstrate that section 577.020 was followed in that the test was performed: (1) by following the approved methods and techniques of the Department of Health; (2) by persons holding a valid permit; and (3) on equipment and devices approved by the Department of Health. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D.1997).

■ We agree with Director's point. The exhibits offered by Director should have been received into evidence because the objections made to those exhibits had

no merit. First, Driver objected to Exhibit A, the maintenance report, because it did not have a certificate of analysis attached to it. However, under the regulation in effect at the time of the trial de novo, no certificate of analysis need be attached. The trial de novo was held on June 16, 1998. On that date, the Department of Health had enacted an emergency rule which had rescinded 19 CSR 25–30.051 and enacted a new rule in its place. This new rule was effective May 4, 1998 and we apply it. *See, Vilcek v. Director of Revenue*, 974 S.W.2d 602, 604 (Mo.App. E.D.1998). There is nothing in that regulation which would require the trooper to attach a certificate of analysis to the maintenance report.[1] Therefore, Driver's objection should have been overruled.

■ Second, Driver objected to Exhibit B, the Department of Revenue records because he had no opportunity to confront or cross-examine the arresting officer. However, this objection also has no merit. If a record is offered under the business record exception to the hearsay rule, then an objection based on lack of opportunity to confront or cross-examine is not valid. *Thebeau v. Director of Revenue*, 945 S.W.2d 674, 675–76 (Mo.App. E.D.1997); *Hensley v. Director of Revenue*, 884 S.W.2d 419, 420 (Mo.App. E.D.1994).

■ Here, the records were offered as business records and were properly certified with an affidavit conforming to the requirements of section 490.692, RSMo 1994. The records were also provided to Driver's counsel over a year before the trial de novo. As a result, Director laid a proper foundation for the admission of the Department's business records. *See, Misuraca v. Director of Revenue*, 896 S.W.2d 719, 721 (Mo.App. E.D.1995). The exhibits should have been admitted into evidence. This evidence established Director's prima facie burden of showing Driver had been arrested for probable cause and his blood alcohol content was .10 percent or more.

Here, the evidence was that on May 4, 1996, a trooper for the Missouri Highway Patrol observed Driver driving his car in an erratic manner on U.S. 67 in Madison County. Driver crossed the fog line three times (drove on the shoulder of the road) and then crossed the centerline. The trooper pulled Driver over. As he spoke with Driver, the trooper noticed a strong odor of alcoholic beverage on his breath. The trooper administered five field sobriety tests, including a portable breath test (PBT) which showed a blood alcohol level of .10 percent. The trooper arrested Driver for driving while intoxicated and transported him to the Madison County Sheriff's Department. Driver consented to a breathalyzer test. The breathalyzer test showed Driver's blood alcohol content was .12 percent.

The evidence was uncontradicted and contains no discrepancies. Therefore, the trial court erred in entering judgment in favor of Driver and ordering Director to reinstate his driving privileges. *See, Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995); *Kienzle v. Director of Revenue*, 944 S.W.2d 326, 328 (Mo.App. S.D.1997).

---

1. This regulation states:
   (1) Standard simulator solutions, used to verify and calibrate evidential breath analyzers at the 0.10% or 0.100% level, shall be solutions from approved suppliers.
   (2) Standard simulator solutions, used to verify and calibrate evidential breath analyzers at the 0.04% level, shall be solutions from approved suppliers.
   (3) Approved suppliers of standard simulator solutions are:
     (A) Alcohol Countermeasure Systems, Inc.
   Aurora, CO 80010
     (B) Guth Laboratories, Inc.
   Harrisburg, PA 17111–4511
     (C) RepCo Marketing, Inc.
   Raleigh, NC 27604
   (4) Maintenance reports using Intoximeter standard simulator solutions completed prior to the effective date of this rule shall be considered valid under this rule if the maintenance report was completed in compliance with the rules in effect at the time the maintenance was conducted.

Accordingly, the judgment of the trial court is reversed. The case is remanded with instructions to the trial court to enter judgment reinstating the suspension of Driver's driving privileges.

LAWRENCE G. CRAHAN, J.,
RICHARD B. TEITELMAN, J., concur.