Susan K. BLECHLE, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 75591.

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 23, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

David J. Roth, II, Cape Girardeau, for respondent.

MARY K. HOFF, Judge.

The Director of Revenue (Director) appeals from the trial court's judgment reinstating the driving privileges of Susan K. Blechle (Driver) which Director had suspended following Driver's arrest for driving while intoxicated. We reverse and remand.

On January 24, 1998, a police officer stopped Driver's vehicle for erratic driving. After poor performance on field sobriety tests, Driver was arrested and consented to a breath test. The result showed Driver had a blood alcohol concentration of .247%. Director suspended Driver's driving privileges, pursuant to Section 302.505 RSMo Cum.Supp.1997,[1] for driving with a blood alcohol concentration of at least .10%.

Driver requested a trial *de novo*. At that trial on October 13, 1998, Driver objected to the admission of the breath test result because the certificate of analysis did not comply with the version of 19 CSR 25–30.051 in effect at the time of Driver's arrest and the emergency version of 19

---

1. All subsequent statutory cites are to RSMo Cum.Supp.1997.

CSR 25–30.051 in effect on the date of trial (emergency version) was not applicable. The trial court held the emergency version did not retroactively apply to this situation because it was not purely procedural and the Department of Health did not have authority to promulgate emergency rules. The trial court applied the version of 19 CSR 25–30.051 that was in effect at the time of Driver's arrest, found the certificate of analysis did not comply with that regulation, concluded Director had not satisfied his burden of proof, and entered judgment in favor of Driver. This appeal followed.

On appeal, Director argues the trial court erred because it misinterpreted and misapplied the law in that the arresting officer had probable cause to arrest Driver for driving while intoxicated[2] and Driver's blood alcohol exceeded .10%. Specifically, Director argues the trial court erred in finding Driver did not have a blood alcohol content of at least .10% because Director laid a proper foundation for the admission of the breath test result. Director claims the emergency version determines the validity of the breath analyzer's maintenance report, and contends the trial court erred in comparing the content of the certificate of analysis to an earlier version of 19 CSR 25–30.051 that was no longer in effect at the time of trial. Director argues the emergency version should be applied retroactively because this Court has held it is purely procedural. Finally, Director contends the Department of Health had statutory authority to promulgate the emergency version.

■ The court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ At trial, Director had the burden of proving by a preponderance of the evidence that the arresting officer had probable cause to arrest Driver for driving while intoxicated and further, that Driver's blood alcohol content was .10% or more. *Adkins v. Director of Revenue*, 985 S.W.2d 407, 409 (Mo.App. E.D.1999). To establish a foundation for admission of a breathalyzer test result, Director must show the test was performed (1) by following the approved methods and techniques of the Department of Health, (2) by an operator holding a valid permit, and (3) on equipment and devices approved by the Department of Health. *Id.* These foundational requirements are found in the Code of State Regulations in 19 CSR 25–30. *Meurer v. Director of Revenue*, 984 S.W.2d 873, 876 (Mo.App. E.D.1999).

The Department of Health promulgated the emergency version by an emergency amendment to rule 19 CSR 25–30.051, effective May 4, 1998. In the earlier version, 19 CSR 25–30.051(3) required a certificate of analysis to state the name of the supplier, the lot or batch number of the solution, the ethanol concentration in aqueous solution and vapor solution, and the expiration date. The emergency version required only that the solution be from approved suppliers. Approved suppliers included: Alcohol Countermeasure Systems, Inc., Guth Laboratories, Inc., and RepCo Marketing, Inc.

An identical issue was raised in *Harper v. Director of Revenue*, 1999 WL 363484 (Mo.App. E.D. June 8, 1999). In *Harper*, the driver was arrested in 1996, and the trial *de novo* was held on June 16, 1998. *Id.* at *1. We applied the emergency version of 19 CSR 25–30.051 that became effective May 4, 1998, rather than the version in effect at the time of arrest, and reversed the judgment of the trial court. *Id.* at *2. Our Court has made similar findings in *Meurer*, 984 S.W.2d at 876 and

**2.** As Director reports in his brief, the parties stipulated the arresting officer had probable cause to arrest Driver for driving while intoxi-
cated. Therefore we do not further address this part of the point on appeal.

*Selix v. Director of Revenue,* 985 S.W.2d 380, 382 (Mo.App. E.D.1999).

■ Procedural statutes and administrative rules apply retrospectively unless the enactment reveals a contrary intent. *Declue v. Director of Revenue,* 945 S.W.2d 684, 686 (Mo.App.1997). We held in *Declue* that the procedural components of breath analysis tests include the testing techniques and methods, the qualification of the person giving the test, and the nature and description of the equipment and devices used. *Id.* "Because [19 CSR 25–30.051] merely relates to the admissibility of the test results into evidence, we conclude that it is procedural and subject to retrospective application." *Id.*

■ Based on *Harper, supra* we find the trial court erroneously applied the version of 19 CSR 25–30.051 in effect on the date of arrest, and erroneously concluded the certificate of analysis was defective and deficient. We find the certificate of analysis introduced at the trial *de novo* complies with the requirements of the emergency version of 19 CSR 25–30.051 in effect on that date. The terms of the emergency version do not even require a certificate of analysis. Instead, the maintenance report must show the solution was from an approved supplier. Here, the record reveals the supplier was RepCo Marketing, Inc., one of the approved suppliers mentioned in the emergency version.

■ Additionally, the trial court erred in stating the Department of Health does not have the authority to promulgate 19 CSR 25–30.051 as an emergency rule under Section 536.025. Section 536.021 sets forth the rules and procedures for making, amending or rescinding rules. However, Section 536.025 states that "[a] rule may be made, amended or rescinded by a state agency without following the provisions of section 536.021" if the state agency complies with the procedures set forth in Section 536.025. No evidence exists that the Department of Health did not comply with the procedures set forth in Section 536.025.

Accordingly, we reverse the trial court's judgment and remand for the trial court to reinstate the suspension of Driver's driving privileges.

ROBERT G. DOWD, Jr., P.J. and RICHARD B. TEITELMAN, J., Concur.