**Raymond C. HALTER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. ED 75564.**

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 23, 1999.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Walter S. Drusch, Jr., Cape Girardeau, for respondent.

MARY K. HOFF, Judge.

The Director of Revenue (Director) appeals from the trial court's judgment reinstating the driving privileges of Raymond C. Halter (Driver) which Director had suspended following Driver's arrest for driving while intoxicated. We reverse and remand.

On August 20, 1997, police stopped Driver's vehicle as it was leaving the scene of a reported disturbance. After smelling alcohol on Driver's breath, the police performed field sobriety tests and concluded Driver was intoxicated. Officer arrested Driver and took him to the police station. Driver then consented to a breath test. The result showed Driver had a blood alcohol concentration of .197%. Director suspended Driver's driving privileges, pursuant to Section 302.505 RSMo Supp.1996, for driving with a blood alcohol concentration of at least .10%.

Driver requested a trial *de novo*. At that trial on November 2, 1998, Driver objected to the admission of the breath test result because the certificate of analysis did not comply with the version of 19 CSR 25–30.051 in effect at the time of Driver's arrest and the emergency version of 19 CSR 25–30.051 in effect on the date of trial (emergency version) was not applicable. The trial court held the emergency version did not retroactively apply to this situation because it was not purely procedural and the Department of Health did not have authority to promulgate emergency rules. The trial court applied the version of 19 CSR 25–30.051 that was in effect at the time of Driver's arrest, found the certificate of analysis did not comply with that regulation, concluded Director had not satisfied his burden of proof, and entered judgment in favor of Driver. This appeal followed.

On appeal, Director argues that the trial court erred because it misinterpreted and misapplied the law in that the arresting officer had probable cause to arrest Driver for driving while intoxicated and Driver's blood alcohol exceeded .10%. Specifically, Director argues the trial court erred in finding Driver did not have a blood alcohol content of at least .10% because Director laid a proper foundation for the admission of the breath test result. Director claims

the emergency version determines the validity of the breath analyzer's maintenance report, and contends the trial court erred in comparing the content of the certificate of analysis to an earlier version of 19 CSR 25–30.051 that was no longer in effect at the time of trial. Director argues the recent emergency version should be applied retroactively because this Court has held it is purely procedural. Finally, Director contends the Department of Health had statutory authority to promulgate the emergency version.

■ The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). To suspend Driver's driving privileges, Director has the burden of proving by a preponderance of the evidence that the arresting officer had probable cause to arrest Driver for driving while intoxicated and further that Driver's blood alcohol concentration was .10% or more by weight. *Meurer v. Director of Revenue,* 984 S.W.2d 873, 875 (Mo.App. E.D.1999).

■ An arresting officer has probable cause to arrest a driver when circumstances and facts exist which would warrant a person of reasonable caution to believe an offense has been committed. *Guccione v. Director of Revenue,* 988 S.W.2d 649, 654 (Mo.App. E.D.1999). The determination of whether a police officer has probable cause to arrest "must be made in relation to circumstances as they appear to a prudent, cautious, and trained police officer." *Id.*

■ Here, the police officer stopped Driver's vehicle as it left the scene of a reported disturbance. The arresting officer smelled alcohol on Driver's breath. After performing field sobriety tests, the result showed Driver was intoxicated. On the Alcohol Influence Report, which was admitted at trial, the officer noted Driver had bloodshot eyes, was swaying, and had a poor ability to follow instructions.

The record establishes that Director satisfied its prima facie burden of showing the arresting officer had probable cause to arrest Driver.

■ In addition, the issue focusing on the application of 19 CSR 25–30.051 is identical to the issue addressed in our decision in *Blechle v. Director of Revenue,* 11 S.W.3d 655 handed down simultaneously with this case. As in *Blechle,* we find that the certificate of analysis introduced at the trial *de novo* complies with the requirements of the emergency version of 19 CSR 25–30.051 in effect on that date. The terms of the emergency version do not even require a certificate of analysis.

The record does not indicate, however, that Driver had an opportunity to present evidence. Under the circumstances we remand for further proceedings. See *Hackmann v. Director of Revenue,* 991 S.W.2d 751, 753 (Mo.App. E.D.1999).

Reversed and remanded for further proceedings consistent with this opinion.

ROBERT G. DOWD, Jr., Presiding Judge and RICHARD B. TEITELMAN, Judge, Concur.