**Michael K. WALLER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. ED 75565.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 23, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Walter S. Drusch, Cape Girardeau, for respondent.

MARY K. HOFF, Judge.

The Director of Revenue (Director) appeals from the trial court's judgment reinstating the driving privileges of Michael K. Waller (Driver) which Director had suspended following Driver's arrest for driving while intoxicated. We reverse and remand.

On May 24, 1997, police stopped Driver's vehicle for erratic driving. Driver's eyes were bloodshot and glassy. His balance was unsure and his speech was slurred and confused. After smelling alcohol on Driver's breath, the police performed field sobriety tests and concluded Driver was intoxicated. Officer arrested Driver and took him to the police station. Driver consented to a breath test. The result showed Driver had a blood alcohol concentration of .258%. Director suspended Driver's driving privileges, pursuant to Section 302.505 RSMo Supp.1996, for driving with

a blood alcohol concentration of at least .10%.

Driver requested a trial *de novo*. At that trial on August 17, 1998, Driver objected to the admission of the breath test result because the certificate of analysis did not comply with the version of 19 CSR 25–30.051 in effect at the time of Driver's arrest and the emergency version of 19 CSR 25–30.051 in effect on the date of trial (emergency version) was not applicable. The trial court held the emergency version did not retroactively apply to this situation because it was not purely procedural and the Department of Health did not have authority to promulgate emergency rules. The trial court applied the version of 19 CSR 25–30.051 that was in effect at the time of Driver's arrest, found the certificate of analysis did not comply with that regulation, concluded Director had not satisfied his burden of proof, and entered judgment in favor of Driver. This appeal followed.

On appeal, Director argues the trial court erred because it misinterpreted and misapplied the law in that the arresting officer had probable cause to arrest Driver for driving while intoxicated[1] and Driver's blood alcohol exceeded .10%. Specifically, Director argues the trial court erred in finding Driver did not have a blood alcohol content of at least .10% because Director laid a proper foundation for the admission of the breath test result. Director claims the emergency version determines the validity of the breath analyzer's maintenance report, and contends the trial court erred in comparing the content of the certificate of analysis to an earlier version of 19 CSR 25–30.051 that was no longer in effect at the time of trial. Director argues the recent emergency version should be applied retroactively because this Court has held it is purely procedural. Finally, Director contends the Department of Health

had statutory authority to promulgate the emergency version.

In this case, the issue focusing on the application of 19 CSR 25–30.051 is identical to the issue addressed in our decision in *Blechle v. Director of Revenue*, 11 S.W.3d 655 handed down simultaneously with this case. As in *Blechle*, we find that the certificate of analysis introduced at the trial *de novo* complies with the requirements of the emergency version of 19 CSR 25–30.051 in effect on that date. The terms of the emergency version do not even require a certificate of analysis. For the reasons set forth in that opinion, we reverse and remand for reinstatement of Director's suspension of Driver's driving privileges.

ROBERT G. DOWD, Jr., P.J. and
RICHARD B. TEITELMAN, J., Concur.

---

1. At trial the parties stipulated the arresting officer had probable cause to arrest Driver for driving while intoxicated. Therefore we do not further address this part of the point on appeal.