Rosetta L. LASLEY, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 57639.

Missouri Court of Appeals,
Western District.

May 9, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Jeffrey S. Eastman, Gladstone, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J. and SMART, J.

ROBERT G. ULRICH, Judge.

The Director of Revenue appeals from the judgment of the trial court setting aside the suspension of Rosetta Lasley's driving privileges. The Director argues that he established his prima facie case and, specifically, that he established that Ms. Lasley's blood alcohol concentration

was .10% or greater. The judgment of the trial court is affirmed.

On September 18, 1998, at approximately 10:45 p.m., an officer of the Smithville Police Department stopped Ms. Lasley's vehicle on 169 Highway for speeding. The officer observed that Ms. Lasley's eyes were bloodshot, that her speech was confused, and that she had difficulty maintaining her balance and walking. The officer also noticed an odor of alcohol emanating from Ms. Lasley and asked her if she had been drinking. Ms. Lasley admitted that she had had a few drinks. The officer then administered four field sobriety tests, all of which Ms. Lasley failed. Consequently, Ms. Lasley was arrested and transported to the police station. At the station, Ms. Lasley consented to a breath analyzer test. The result of the test showed that Ms. Lasley had a blood alcohol concentration of .206%.

The Director suspended Ms. Lasley's driving privileges under section 302.505, RSMo Cum.Supp.1997, for driving with a blood alcohol concentration in excess of .10%. The suspension was upheld after an administrative hearing. Ms. Lasley filed a petition for trial de novo in the trial court on January 4, 1999. The case was submitted to the trial court on stipulations, and the Director offered Exhibit 1, which included, among other documents, the breath analyzer test results showing Ms. Lasley's blood alcohol concentration to be .206%, the maintenance report for the DataMaster breath analyzer that tested Ms. Lasley, and the certificate of analysis for the simulator solution used to verify and calibrate the breath analyzer. Ms. Lasley objected to the admission of the test results arguing that the breath analyzer used to test her was not properly maintained. Specifically, Ms. Lasley claimed that the simulator solution had expired on April 21, 1991, as indicated on the maintenance report. The trial court overruled the objection and admitted the documents, subject to argument by the parties regarding the expiration date. The Director ex-

plained that although an expiration date of April 21, 1991, was noted on the maintenance report, the certificate of analysis from the manufacturer of the simulator solution indicated an expiration date of April 21, 1999. Ms. Lasley argued to the court that an insufficient foundation was laid to admit the test results without live testimony to explain the discrepancies in the documentation. The trial court agreed and entered its judgment setting aside the suspension of Rosetta Lasley's driving privileges holding:

> the Court specifically finds that the expiration date of the Standard Simulator Solution indicated on the maintenance report to be 4/21/91 and the expiration date indicated on the Standard Simulator Solution Certificate to be 4/21/99 and, therefore, finds the maintenance to be improper in this case; however, all other issues are found in favor of Director or Revenue.

This appeal by the Director followed.

[1] In the sole point on appeal, the Director claims that the trial court erred in setting aside the suspension of Ms. Lasley's driving privileges because he established his prima facie case. Specifically, the Director argues that he established that Ms. Lasley's blood alcohol concentration was .10% or greater. The Director contends that after Ms. Lasley's objection to the admission of the breath analyzer test results, he met his burden of proving that the breath analyzer used to test Ms. Lasley was properly maintained in compliance with the current controlling state regulations and that, therefore, the results, which showed Ms. Lasley's blood alcohol concentration to be .206%, were admissible.

■■■ The decision of the trial court will be affirmed on appeal unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it misstates or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). At trial, the Director has the burden of establishing by a preponderance of the evidence a prima facie case for suspension of a driver's license. *Endsley v. Director of Revenue, State of Missouri*, 6 S.W.3d 153, 158 (Mo.App. W.D.1999). To meet this burden, the Director must present evidence that at the time of the arrest (1) there was probable cause for arresting the driver for driving while under the influence, and (2) the blood alcohol concentration level in the driver's blood was .10% or greater. §§ 302.505 and 302.530, RSMo Cum.Supp.1997; *Endsley*, 6 S.W.3d at 158. Once the Director has established a prima facie case, the burden shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence. *Endsley*, 6 S.W.3d at 158.

■■■ When a timely objection is made to the admission of the blood alcohol analysis, the Director has the burden of proving compliance with the regulations regarding maintenance checks. *Lasley v. Director of Revenue, State of Missouri*, 954 S.W.2d 327, 331 (Mo. banc 1997); *Sellenriek v. Director of Revenue, State of Missouri*, 826 S.W.2d 338, 341 (Mo. banc 1992). To establish a proper foundation for admission of breath analyzer test results, the Director must show that (1) the test was performed by following approved techniques and methods of the Division of Health, (2) the operator held a valid permit, and (3) the equipment and devices were approved by the Division. *Sellenriek*, 826 S.W.2d at 340–341. These foundational requirements are found in 19 CSR 25–30 of the Code of State Regulations. Specifically, a maintenance check of the breath analyzer by a Type II permit holder must be made within 35 days of the blood alcohol test. 19 CSR 25–30.031(3). Nineteen CSR 25–30.031(7) specifies the maintenance report form that must be used for the maintenance check. 19 CSR 25–30.031(7). The only requirement under the current regulations regarding the standard simulator solution that is used in verifying and calibrating the breath analyzer is that the solution be from an approved supplier. 19 CSR 25–30.051;

*Blechle v. Director of Revenue, State of Missouri,* 11 S.W.3d 655, 658 (Mo.App. E.D.1999). A certificate of analysis containing the lot or batch number of the solution, the ethanol concentration in aqueous solution and vapor solution, and the expiration date of the solution is no longer required. *Id.*

In this case, Ms. Lasley timely objected to the admission of the breath analyzer test results claiming that the breath analyzer was not properly maintained. The Director then had the burden of proving that the machine used in the test had been checked by a Type II permit holder within thirty-five days of the date the test was administered. *Lasley,* 954 S.W.2d at 331. While the maintenance report indicated that the breath analyzer had been inspected by a Type II permit holder on September 1, 1998, within 35 days of the blood alcohol test and that the simulator solution used to calibrate the machine was from an approved supplier, Guth Laboratories, Inc., the trial court concluded that the Director failed to meet his burden of showing the breath analyzer was properly maintained. Although the court found all other issues in the Director's favor, it based its decision on a discrepancy between the maintenance report and the certificate of analysis regarding the expiration date of the simulator solution. The officer who inspected the breath analyzer on September 1, 1998, also noted on the report the lot number of the simulator solution, 98010, and the expiration date, April 21, 1991. The supplier's certificate of analysis for the solution also introduced at trial by the Director showed that the expiration date of the solution was April 21, 1999. Although the expiration date of the simulator solution need no longer be proven to establish the foundation for admission of the test results,[1] the expiration date of the solution may be relevant if the contention is that the breath analyzer falsely reported the percentage of blood alcohol in the person's blood being tested because the effec-

tiveness of the solution expired and the solution can no longer function properly. The trial court did not accept without additional evidence that the last number of the year reflecting the expiration date of the simulator solution appearing on the supplier's certificate of analysis, the number "9," was erroneously copied by the law enforcement officer as a "1" onto the maintenance report. The Director bore the burden of proof and the burden of presenting evidence that the simulator solution was not deficient and, thus, that the breath analyzer did not provide a false reading when the issue of whether the solution's effectiveness was raised. The Director offered no evidence additional to the documents previously provided. The Director, therefore, failed to show that the breath analyzer used in this case was maintained according to the operational procedures established by the Department of Health.

The judgment of the trial court is, therefore, affirmed.

LAURA DENVIR STITH, P.J. and SMART, J. concur.

---

1. 19 CSR 25–30.051; *Blechle,* at 658.