**Shigeki KOBAYSHI, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. ED 76370.

Missouri Court of Appeals, Eastern District, Division One.

July 18, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

John F. Newsham, Dill, Wamser, Bamvakais, Newsham & Miller, P.C., St. Louis, for respondent.

*OPINION*

JAMES R. DOWD, Judge.

The Director of Revenue (hereinafter "the Director") appeals from a judgment reinstating Shegeki Kobayshi's (hereinafter "Kobayshi") driving privileges. We reverse.

## Facts

On December 14, 1997, a City of St. Louis police officer stopped Kobayshi's vehicle for speeding. Based on the officer's observations and Kobayshi's poor performance on several field sobriety tests, the officer arrested Kobayshi for driving while intoxicated. The officer transported Kobayshi to the police station, where Kobayshi consented to a breath test. The test result showed a blood alcohol concentration of 0.210%. The Director suspended Kobayshi's driving privileges under Section 302.505 RSMo Cum.Supp.1997 for driving with a blood alcohol level of at least 0.10%.

Kobayshi filed a petition for a trial de novo in the Circuit Court of St. Louis City. During the May 3, 1999 trial, the Director offered into evidence Department of Revenue certified records and the testimony of the officer who performed the maintenance on the breath analyzer used for Kobayshi's breath test. Kobayshi objected to the breath test result, the maintenance report, and the certificate of analysis for the simulator solution used to calibrate the breath analyzer. He argued that the certificate of analysis did not comply with the Department of Health regulations and contained double hearsay. The trial court took the objection under submission.

The maintenance officer testified that he used a simulator solution received directly from RepCo Marketing when he performed the maintenance check. He also testified that the breath analyzer was

working properly and within the Department of Health's specifications when he performed the maintenance.

The trial court entered a judgment finding that the officer had probable cause to arrest Kobayshi, but that the Director failed to carry its burden of proving Kobayshi's blood alcohol concentration was at least 0.10%. The Director appeals.

### Standard of Review

■ The judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Guccione v. Director of Revenue*, 988 S.W.2d 649, 652 (Mo.App. E.D.1999). To establish a prima facie case at trial, the Director has the burden of showing by a preponderance of the evidence that (1) the arresting officer had probable cause to arrest the driver for driving while intoxicated, and (2) at the time of the arrest, the driver's blood alcohol content was 0.10% or greater. *Id.* When the Director makes a prima facie case, the burden then shifts to the driver to rebut the prima facie case by a preponderance of the evidence. *Id.*

■ Because the trial court found that the officer had probable cause to arrest the driver, the only issue for review is whether the Director proved by a preponderance of the evidence that Kobayshi's blood alcohol content was above 0.10% at the time of the arrest. To lay a proper foundation for the admission of the breathalyzer test results, the Director must demonstrate the test was performed: (1) by following the approved methods and techniques of the Department of Health; (2) by a person holding a valid permit; and (3) on equipment and devices approved by the Department of Health. *Adkins v. Director of Revenue*, 985 S.W.2d 407 (Mo.App. E.D. 1999). These foundation requirements are found in the Code of State Regulations in 19 CSR 25–30. *Meurer v. Director of Revenue*, 984 S.W.2d 873, 876 (Mo.App. E.D.1999). We apply the version of 19 CSR 25–30 in effect on May 3, 1999, the date of the trial de novo. *Blechle v. Director of Revenue*, 1999 WL 1054932 (Mo. App. E.D.1999).

■ It is undisputed that the test was performed following the approved methods and techniques of the Department of Health by a person holding a valid permit. The only question is whether the test was performed on equipment and devices approved by the Department of Health. Specifically, Kobayshi argues that the Director failed to show that the standard simulator solution that was used to calibrate the breath analyzer was from an approved supplier, as required by 19 CSR 25–30.051.[1]

Officer George Jefferson, who performed the maintenance test on November 24, 1997, testified on direct examination that the solution he used came from RepCo Marketing, Inc. (hereinafter "RepCo"), an approved supplier. He further testified that the certificate of analysis, the label on the box containing the bottles of solution, and the labels on the bottles of solution all

---

1. The version at the time of the trial de novo provides:
   (1) Standard simulator solutions, used to verify and calibrate evidential breath analyzers at the 0.10% or 0.100% level, shall be solutions from approved suppliers.
   (2) Standard simulator solutions, used to verify and calibrate evidential breath analyzers at the 0.04% level, shall be solutions from approved suppliers.
   (3) Approved suppliers of standard simulator solutions are:
   (A) Alcohol Countermeasure Systems, Inc.

Aurora, CO 80010
   (B) Guth Laboratories, Inc.
   Harrisburg, PA 17111–4511
   (C) RepCo Marketing, Inc.
   Raleigh, NC 27604
   (4) Maintenance reports using Intoximeter standard simulator solution completed prior to the effective date of this rule shall be considered valid under this rule if the maintenance report was completed in compliance with the rules in effect at the time the maintenance was conducted.

indicated that the solution came from Rep-Co.

On cross-examination, Officer Jefferson testified that a) the certificate of analysis indicated that samples of the solution had been analyzed by an independent laboratory; and b) nowhere on the certificate of analysis did it read that RepCo was the supplier of the solutions. Therefore, even though it is undisputed that the certificate of analysis was on a RepCo form, Kobayshi argues that this fails to prove that RepCo was the supplier of the solution as required by 19 CSR 25–30.051.

■ 19 CSR 25–30.051 requires the officer who performs the maintenance check to use a solution from an approved supplier; it does not require a certificate of analysis to be attached to the maintenance report. *Harper v. Director of Revenue*, 1999 WL 363484 (Mo.App. E.D.1999).[2] Here, Officer Jefferson testified that the solution he used to calibrate the machine came from RepCo, an approved supplier. The regulation does not prohibit approved suppliers from using independent laboratories to analyze samples of the solution. The absence of a listing on the certificate of analysis of RepCo as the supplier of the solution does not negate Officer Jefferson's testimony that the solution came from RepCo. The Director carried his burden of proving that the solution used to calibrate the machine came from an approved supplier. Kobayshi offered no evidence to refute this.

■ The Director also made a prima facie case that Kobayshi's blood alcohol content was at least 0.10%. According to *Guccione, supra,* the burden then shifts to Kobayshi to rebut the prima facie case by a preponderance of the evidence. Kobayshi offered no evidence to rebut the Director's prima facie case.

The trial court's judgment is against the weight of the evidence and is reversed.

Pursuant to Rule 84.14, the Director's suspension of Kobayshi's driving privileges is reinstated.

GARY M. GAERTNER, P.J., concurs.

PAUL J. SIMON, J., concurs.

---

**2.** The version of 19 CSR 25–30.051 in effect on the date of the trial de novo in the present case is identical to the emergency version of

that regulation in effect on the date of the trial de novo in *Harper. Id.*