**Jeffrey M. McGUIRE, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 85882.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 25, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Special Assistant Attorney General, Missouri Department of Revenue, Jefferson City, MO, for appellant.

A. David Arand, Breigel, Davis & Arand, L.L.C., Union, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Director of Revenue ("Director"), appeals from the judgment of the Circuit Court of Gasconade County granting Respondent's, Jeffrey M. McGuire ("McGuire"), motion for judgment on the pleadings and ordering Director to rescind the suspension of McGuire's driving privileges. We reverse and remand.

On July 16, 2004, McGuire was arrested for driving while intoxicated after he consented to a breath analyzer test that determined his blood alcohol content exceeded the legal limit. Subsequently, McGuire's driving privileges were suspended pursuant to sections 302.505, RSMo 2000[1] and 302.525. The effective date of McGuire's suspension was September 25, 2004.

On September 23, 2004, McGuire filed a petition for trial de novo. On October 13, 2004, Director filed an answer, which included McGuire's arrest report, a Missouri Department of Health datamaster maintenance report ("maintenance report"), and a

---

**1.** All statutory references are to RSMo 2000,    unless otherwise indicated.

Guth Laboratories certificate of analysis ("certificate of analysis"). The maintenance report, dated July 16, 2004, indicated that calibration checks were performed on a simulator solution with lot number 03180, and reflects an expiration date of October 9, 2004. The undated certificate of analysis analyzed a simulator solution with lot number 03060, and reflects an expiration date of April 14, 2004.

On January 5, 2005, McGuire filed a motion for judgment on the pleadings, asserting that Director's own pleadings indicated that Director could not prove the effectiveness of the simulator solution. On January 21, 2005, the trial court granted McGuire's motion for judgment on the pleadings. In its judgment, the trial court found that Director's own pleadings raised the issue of the effectiveness of the simulator solution because the certificate of analysis reflects the simulator solution expired on April 14, 2004, more than three months prior to the date the breath analyzer test was administered to McGuire. The court entered judgment for McGuire because there was no evidence on the pleadings "to indicate that the simulator solution was not deficient," *citing Lasley v. Director of Revenue*, 17 S.W.3d 174 (Mo. App. W.D.2000). Subsequently, the court ordered Director to rescind the suspension of McGuire's driving privileges and correct his driver record accordingly. This appeal by Director followed.[2]

■ In Director's sole point on appeal, it argues the trial court erred in granting McGuire's motion for judgment on the pleadings and ordering Director to rescind the suspension of McGuire's driving privileges because Director's pleadings reflect that a current simulator solution was used.

Director contends that including a certificate of analysis for a different simulator solution than the one used to perform the maintenance check does not support a judgment on the pleadings against it. It asserts the maintenance report reflects that an approved and current simulator solution was used to check the breath analyzer used in McGuire's arrest.

■ A motion for judgment on the pleadings should be denied where there is an issue of fact on the face of the pleadings. *Cantor v. Union Mut. Life Ins. Co.*, 547 S.W.2d 220, 224 (Mo.App.1977). When reviewing a judgment on the pleadings in favor of a plaintiff, we look to the defendant's answer and accept all alleged facts therein as true. *Armstrong v. Cape Girardeau Physicians*, 49 S.W.3d 821, 824 (Mo.App. E.D.2001). An exhibit to a pleading is a part of the pleadings for all purposes. Rule 55.12.

■ A driver who has had his license suspended by the director of revenue can petition for a trial de novo. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 545 (Mo.banc 2003); Section 302.535.1. Proof of compliance with the regulation regarding maintenance checks only becomes an issue if a proper, timely objection is made to the admission of breath analyzer test results. *Reed v. Director of Revenue*, 834 S.W.2d 834, 836 (Mo.App. E.D.1992). Absent a proper objection, the director of revenue's failure to prove compliance with the maintenance check requirement does not destroy the sufficiency of its case. *Id.* at 837. When proof of compliance does become an issue due to a proper objection, proof is not limited to the records themselves. *Canania v. Director of Revenue*, 918 S.W.2d 310, 314 (Mo.App. S.D.1996). Rather, the director of revenue can prove compliance with the regulations regarding maintenance checks through all available

---

**2.** We note that McGuire has filed no brief responding to the Director's appeal.

evidence. *Dillon v. Director of Revenue,* 999 S.W.2d 319, 323 (Mo.App. W.D.1999).

In *Lasley,* the case the trial court relies on, a trial de novo took place. 17 S.W.3d 174 (Mo.App. W.D.2000). During the trial de novo in *Lasley,* the driver made a timely objection to the admission of breath analyzer test results, causing proof of compliance with the regulation regarding maintenance checks to become an issue. *Id.* at 177. After the objection, the director of revenue presented evidence in an attempt to prove compliance with the regulation regarding maintenance checks. *Id.* The court then found that the director of revenue did not meet its burden of showing the breath analyzer was properly maintained. *Id.*

In this case, unlike the *Lasley* case, a trial de novo did not take place. Instead, the trial court entered judgment on the pleadings in favor of McGuire. Accepting all alleged facts in Director's answer as true reveals an inconsistency between the maintenance report and the certificate of analysis. Due to this inconsistency, the pleadings reflect an issue of fact as to whether the simulator solution utilized to calibrate the breath analyzer used on McGuire was deficient. In the context of a trial de novo, McGuire will have to make a timely, proper objection to the admission of the breath analyzer test results, and then evidence will be presented to determine whether Director complied with the regulation regarding maintenance checks. This is a matter to be resolved in the context of a trial de novo rather than in a judgment on the pleadings. Therefore, the trial court erred in granting McGuire's motion for judgment on the pleadings and ordering Director to rescind the suspension of McGuire's driving privileges. Point granted.

Based on the foregoing, we reverse the trial court's judgment, and remand to the trial court to enter a judgment reinstating the suspension of McGuire's driving privileges.

GEORGE W. DRAPER, III, and KENNETH ROMINES, JJ. concur.